IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELANIE E. SHULTZ-KING, | ) | CASE NO. 3:14 CV 2477 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.     Nature of the case and proceedings**

Before me[1] is an action by Melanie E. Shultz-King under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties

---

[1] ECF # 14. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 5.

[6] ECF # 12.

have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Shultz-King, was 46 years old at the time of the hearing[10] has a GED[11] and is married.[12] She was last employed at the Kroger Company in 2005.[13] Prior to that, she worked as a secretary at Davis & Newcomer Electric Elevator.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Shultz-King had the following **medically determinable impairments**: disorder of the back and neck, hypertension, obesity, gastroesophageal reflux disease (GERD), insomnia, chronic obstructive pulmonary disease (COPD), depression and anxiety.[15]

---

[7] ECF # 17 (Shultz-King's brief); ECF # 19 (Commissioner's brief); ECF # 22 (Shultz-King's reply brief).

[8] ECF # 18-1 (Shultz-King's charts); ECF # 19-1 (Commissioner's charts).

[9] ECF # 18 (Shultz-King's fact sheet).

[10] *Id.*

[11] *Id.*

[12] Transcript ("Tr.") at 141.

[13] *Id.* at 157.

[14] *Id* at 29 and 156.

[15] *Id.* at 11.

The ALJ found that through the date last insured, Shultz-King did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the ALJ determined that Shultz-King did not have a severe impairment or combination of impairments.[16] Although the ALJ found that Shultz-King's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, he determined Shultz-King's statements concerning the intensity, persistence and limiting effects of these symptoms not entirely credible.[17]

## C. Issues on judicial review and decision

Shultz-King asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Shultz-King presents the following issue for judicial review:

> Whether the Commissioner erred in finding that the Plaintiff did not have any severe impairments.[18]

For the reasons that follow, the decision of the ALJ is not supported by substantial evidence and so must be reversed and the matter remanded for further proceedings.

---

[16] *Id.*

[17] *Id.* at 13.

[18] ECF # 17 at 2, 11.

## Analysis

**A.     Standard of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standards**

This case presents the rather unusual situation of an argument arising from the decision at Step Two that a claimant does not have a severe impairment.

In this case, although the ALJ recognized that Schultz-King had back and neck problems, he found that those problems were not severe during the period between September 30, 2005, which is the alleged onset date, and December 31, 2010, the date last insured.[22] He found in a review of the medical evidence that although a 2008 MRI showed mild to moderate degenerative disc disease and mild to moderate disc protrusion in her neck, a contemporaneous examination was generally normal, and further disclosed "no significant findings."[23] The ALJ further observed that the majority of the medical evidence related to

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] Tr. at 13.

[23] *Id.* (citing record).

periods after the date last insured, and that the "minimal" medical records from the relevant period failed to demonstrate the existence of "significant problems."[24]

Schultz-King appears to tacitly accept the ALJ's view that most of the medical records pertain to the period after the date last insured, but argues that these records go directly to the severity of her condition during the relevant period and so should have been considered. In particular, she argues that in the immediate period following date last insured she received another MRI that showed a worsening in her back which then led to discectomies with fusions being done.[25] She contends that this evidence from the period after the date last insured should have been analyzed because it reflects back on her condition prior to the date last insured.[26]

An ALJ's total failure to consider medical evidence from the period subsequent to the date last insured was deemed grounds for reversal by the Seventh Circuit in *Halvorsen v. Heckler.*[27] In that decision, the court emphasized that "there can be no doubt that medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period."[28] Similarly, the Tenth Circuit in *Baca v. Department*

---

[24] *Id*.

[25] ECF # 22 at 2-3 (citing record).

[26] *Id*. at 3-4.

[27] 743 F.2d 1221 (7th Cir. 1984).

[28] *Id*. at 1225 (citation omitted).

*of Health and Human Services*[29] concluded an ALJ's failure to consider medical evidence arising during the 14 months after the date last insured meant the decision stating that there was no proof of any severe impairments prior to the date last insured was not supported by substantial evidence.[30] Finally, the Second Circuit has stated that:

> [E]vidence bearing upon an applicant's condition subsequent to the date upon which the earnings requirement was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date.[31]

As noted above, the ALJ here acknowledged that the "majority" of the medical records in this matter were produced in the period after the date last insured yet refused to analyze them simply because they post-dated the date last insured. In so doing, the ALJ failed to recognize that such records remain "pertinent evidence" to the issue of whether Schultz-King's impairments are severe impairments for the purposes of Step Two.

## Conclusion

Thus, without prejudicing any final decision on the effect of that evidence on any future Step Two decision, I must find that the current decision, which did not account for the later produced evidence, is not supported by substantial evidence and so must be reversed and the matter remanded for further proceedings consistent with this opinion.

---

[29] 5 F.3d 476 (10th Cir. 1993).

[30] *Id*. at 479.

[31] *Gold v. Secretary of Health, Education and Welfare,* 463 F.2d 38, 42 (2nd Cir. 1972)(quoting *Carnevale v. Gardner,* 393 F.2d 889, 890 (2nd Cir. 1968)).

    IT IS SO ORDERED.

Dated: March 14, 2016                                         <u>s/ William H. Baughman, Jr.</u>
                                                                          United States Magistrate Judge